**Louise C. GRIFFIS, Plaintiff-Appellant,**

v.

**DELTA FAMILY–CARE DISABILITY and Survivorship Plan and Delta Family Care Medical Plan, Defendants-Appellees.**

No. 83–8062.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1984.

---

John M. Comolli, Atlanta, Ga., for plaintiff-appellant.

D. Michael Keen, Helene Cohen, Atlanta, Ga., for defendants-appellees.

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama,

Before TJOFLAT and HILL, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

The district court order fully and accurately covers all of the issues presented by this appeal. Therefore, we AFFIRM on the basis of the district judge's December 22, 1982 order, a copy of which is appended hereto.

AFFIRMED.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUISE C. GRIFFIS | : C82–624A |
| vs. | : |
| DELTA FAMILY–CARE DISABILITY | : |
| AND SURVIVORSHIP PLAN and | : |
| DELTA FAMILY–CARE MEDICAL | : |
| PLAN | : |

ORDER

RICHARD C. FREEMAN, District Judge.

Plaintiff commenced this action in the Superior Court of Fulton County, Georgia, pursuant to the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001 *et seq.,* seeking to recover benefits allegedly due her and to clarify her rights to future benefits under the terms of both the Delta Family-Care Disability and Survivorship Plan and the Delta Family-Care Medical Plan (hereinafter "Delta Plans"). The action was timely removed by the defendants, *see* 28 U.S.C. § 1441(a), and is currently before the court on cross-motions for summary judgment, Rule 56, Fed. R.Civ.P.

██ A party who moves for summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142

sitting by designation.

(1970). In determining whether a movant has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir. 1981). If the record presents factual issues, the court must deny the motion and proceed to trial. *Id.* Furthermore, a court may discover questions of material fact even though both parties, in support of cross-motions for summary judgment, have asserted that no such questions exist. *See Donovan v. District Lodge No. 100, International Ass'n of Machinists,* 666 F.2d 883, 886–87 (5th Cir.1982); Wright and Miller, *Federal Practice and Procedure: Civil,* § 2720. Thus, before the court can consider the legal issues raised by the parties on cross-motions for summary judgment, it must have no doubt as to the relevant facts that are beyond dispute.

After consideration of the statements of fact submitted by each party, the court concludes that the relevant facts are beyond dispute and that a grant of summary judgment is warranted in this action.

## I. Findings of Fact

Plaintiff is the widow of Hugh C. Griffis, Jr., who died on August 1, 1978, while an employee of Delta Airlines, Inc. (hereinafter "Delta"). As Griffis' spouse, the plaintiff began receiving survivorship income benefits and medical and dental insurance coverage under the Delta Plans, which are employee benefit plans established and maintained by Delta under the provisions of ERISA. On August 20, 1980, the plaintiff married Collis R. Newell. Subsequently, on November 12, 1980, the Delta Plans notified the plaintiff that her benefits would be terminated because of her remarriage. Termination was based on section 4.01 of the Delta Plans, which provides that an employee's surviving spouse shall cease to be eligible for benefits from the time such spouse remarries. On April 1, 1981, approximately six months after her benefits were terminated, the plaintiff's marriage to Mr. Newell was annulled by the order of the

Superior Court of Gwinnett County, Georgia, whose final decree stated

It is the judgment of the Court that the purported marriage between the parties is decreed to be as if said purported marriage had never been contracted and entered into by them.

Plaintiff's Motion for Summary Judgment, Exh. B.

On January 9, 1981, prior to the annulment of her marriage, the plaintiff requested that the defendants reinstate her benefits in the event that the marriage was annulled. The general manager of the Delta Plans informed the plaintiff on January 16, 1981, that the provisions of the Delta Plans did not provide for reinstatement of benefits after a beneficiary had remarried and denied her request for reinstatement. After the plaintiff's marriage had been annulled, the general manager's denial of reinstatement was reviewed and affirmed by both the Administrative Subcommittee and the Administrative Committee of the Delta Plans.

Under the terms of the Delta Plans, the Administrative Committee exercises, among other powers, the exclusive authority to "interpret the [Delta Plans] and determine questions of eligibility for participation and receipt of benefits." Defendants' Brief in Support of Motion for Summary Judgment, Affidavit of James W. Callison, dated August 6, 1982, Attachment 9. On October 15, 1981, the Administrative Committee sent the plaintiff the following notice of its decision:

The Administrative Committee of Delta Air Lines, Inc. met on October 15, 1981 and considered your appeal from the decision of the Subcommittee that Mrs. Griffis ceased to be an Eligible Family Member under the Disability and Survivorship Plan by reason of her marriage to Collis R. Newell, despite the subsequent annulment of that marriage.

The Committee considered the file and the evidence and case law submitted by you and felt that such cases were distinguishable from Mrs. Griffis' claim because they pertained to statutory benefit

programs and involved annulment statutes different from that in Georgia. Thus, the Committee determined that the Plan was not bound by these cases.

In addition, the Committee found that the intent of the Plan is to sever the right to monthly survivor benefits to a surviving spouse upon her remarriage, even if that marriage is later voided by annulment. The Committee felt that the loss of benefits was the responsibility of the second marriage, as that term is used in Georgia Statute 53–605 and that in accordance with that statute the annulment, although voiding the marriage from its inception, did not relieve the parties of responsibilities occasioned by the marriage. As a result, the Committee voted unanimously to reaffirm the Subcommittee's decision.

Plaintiff's Motion for Summary Judgment, Exh. D. On March 25, 1982, the plaintiff filed this action.

## II. Conclusions of Law

■ This court may disturb the decision of the Administrative Committee only if the plaintiff has established that the decision to deny her reinstatement was arbitrary or capricious. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.,* 637 F.2d 357, 362 (5th Cir.1981), *cert. denied,* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1982). In reviewing the Administrative Committee's interpretation of the remarriage provision of the Delta Plans, this court's "judicial role is limited to determining whether the [committee's] interpretation was made rationally and in good faith—not whether it was right." *Riley v. MEBA Pension Trust,* 570 F.2d 406, 410 (2d Cir.1977). Thus, the Administrative Committee's interpretation of the intent or meaning of the provisions of the Delta Plans need not be the best possible decision, only one with a rational justification. *See Weisler v. Metal Polishers Union,* 533 F.Supp. 209, 215 (S.D.N.Y.1982).

■ The court finds that there exists a rational basis for the Administrative Committee's decision. Defendants contend that permitting reinstatement of a spouse's benefits after annulment would threaten the efficient operation of the Delta Plans. Defendants argue that

[s]ince there is generally no statutory time limit for obtaining an annulment, the Plans could never be certain that a former beneficiary's marriage would not be annulled and the Plans' obligation to pay benefits reinstated. The Plans would be left dangling upon the uncertainties of the success or failure of that second marriage. Since Delta's contributions to the Plans are made upon actuarially determined requirements, there would be no adequate way of prefunding for such contingencies. Also, since the Plans would not be a party to the annulment proceedings, their future obligations would be determined by circumstances over which they had little or no knowledge or control. These uncertainties would affect both the operation and administration of the Plans as well as their ability to accurately project future funding needs. Statistical estimates of the number of annulments in the population as a whole would be of no assistance in alleviating these uncertainties since incentives to obtain annulments for purposes of reinstating plan benefits are not present in the ordinary annulment case.

Defendants' Brief in Support of Motion for Summary Judgment at 12–13. Attempts to prevent unanticipated costs that may limit the resources of an employee benefit plan are among the proper concerns of a plan's administrator. *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.,* 637 F.2d at 362. It is neither arbitrary nor capricious for the Administrative Committee to determine that permitting reinstatement of benefits for the plaintiff and other similarly situated spouses would threaten its ability to anticipate future funding needs.

Plaintiff argues that the decision of the Administrative Committee is unreasonable because the committee based its decision upon "an entirely erroneous interpretation of Georgia law." Plaintiff's Brief in Sup-

port of Motion for Summary Judgment at 10. Under Georgia law, the plaintiff argues, her annulled marriage to Mr. Newell "could not (and did not) give rise to any responsibility or claim for support relieving [the defendants] of their obligations to provide support benefits to Plaintiff," *id.,* and therefore the committee's contrary conclusion was an incorrect interpretation of Georgia Code Ann. § 56–605 (recodified as Official Code of Georgia Ann. § 33–5–52). However, the question of whether the Administrative Committee correctly interpreted section 56–605 is irrelevant to the present action. Even if one reason given by that committee would not alone justify the committee's decision, the existence of a separate, reasonable ground for that decision, in this case the committee's legitimate concern for correct anticipation of funding needs, requires this court to leave the defendants' denial of reinstatement undisturbed.

The record discloses no evidence that either the Administrative Committee or any individual involved with administration of the Delta Plans has acted in bad faith in denying the plaintiff reinstatement of benefits. The court therefore will deny the plaintiff's motion for summary judgment and will grant the defendant's motion for summary judgment.

Accordingly, the plaintiff's motion for summary judgment is DENIED. Defendants' motion for summary judgment is GRANTED. The clerk is DIRECTED to enter final judgment for the defendant in this action.

SO ORDERED, this 22 day of December, 1982.