**William L. TIPPENS, deceased, Nell P. Tippens, Individually and as widow of William L. Tippens, Plaintiff-Appellant,**

v.

**The CELOTEX CORPORATION, et al., Defendant-Appellee.**

No. 84–8312.

United States Court of Appeals, Eleventh Circuit.

April 20, 1987.

Roger B. Lane, C. Darryl Gossett, Brunswick, Ga., for plaintiff-appellant.

Darlene Y. Ross, Savannah, Ga., for Celotex.

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, Sitting by Designa-

PETITION FOR REHEARING
(Opinion Dec. 9, 1986, 11 Cir.,
805 F.2d 949).

(April 20, 1987)

Before HILL and VANCE, Circuit Judges, and BROWN *, Senior Circuit Judge.

PER CURIAM:

Celotex Corporation petitioned this Court for rehearing based upon (i) this Court's failure to examine or follow *Blackston v. Shook and Fletcher Insulation Co.*, 764 F.2d 1480 (11th Cir.1985), and (ii) Celotex's unfortunate misinterpretation of the meaning of footnote 4 of our original opinion. Both points of error represent an incorrect reading of our holding which we feel compelled to address in order to avoid a similar misinterpretation by others.

This Court is clearly familiar with our holding in *Blackston* requiring a plaintiff to show actual exposure to asbestos-containing products. However, *Blackston* represents the proper analysis of a summary judgment on the merits, which we do not reach in our opinion.

The District Court's grant of summary judgment was reversed for its failure to consider *all* the evidence before the Court. The District Court improperly disregarded an affidavit as a sham which was not in direct conflict with the affiant's deposition testimony and did not meet this Court's definition of a sham affidavit. Our holding in no way expresses any opinion whether the plaintiff can survive a motion for summary judgment which properly considers all the evidence, or a motion for a directed verdict at the close of plaintiff's or defendant's evidence, or a motion for j.n.o.v. because the litigation has not yet progressed far enough for a determination to be made on these issues. It merely prohibits the

tion.

District Court from disregarding this affidavit because it requires a determination of credibility and an assessment of the probative value of evidence.

Celotex likewise misinterprets footnote 4 in our opinion as somehow exhibiting a bias or prejudice against a party that actively exercises its rights of appeal. This interpretation is not only incorrect, it is distressing. The footnote merely points out the extensive authoritative case law on summary judgment that has evolved from the massive asbestos litigation, of which Celotex Corporation has been an original named defendant, which could in itself serve as an extensive treatise on summary judgment. The fact that Celotex was not involved on the appeal of two of the cited cases does not detract from the point made by this Court, but does demonstrate that this Court in no way based this decision or any other on who brought the appeal.

In consideration of the above which does not modify, but merely explains our original holding, Celotex's Petition for Rehearing is DENIED.

HILL, Circuit Judge, dissenting:

While I agree with the majority's above-stated explanation of our original opinion, I would go further and address the merits of Celotex's petition for rehearing. I am now convinced that McIntyre's deposition testimony is inherently inconsistent with the conclusory allegations in his affidavit; accordingly I would grant rehearing, disregard the affidavit as a sham, and affirm the district court's grant of summary judgment in favor of Celotex. Therefore, I respectfully dissent from the court's denial of this petition.

The panel opinion concluded that the district court improperly disregarded as a sham an affidavit which, according to the majority, was not in direct conflict with the affiant's deposition testimony and did not meet this court's definition of a sham affidavit. I believe that Celotex in its petition for rehearing has forcefully shown that both of these characterizations of McIntyre's affidavit are erroneous. A plain reading of McIntyre's deposition testimony reveals it to be inherently inconsistent with the bald assertions in his affidavit.

When one lays the pertinent passages side-by-side, the repudiation of McIntyre's affidavit by his subsequent deposition testimony becomes apparent. In his affidavit, McIntyre asserted the following:

5.

While working in close proximity to William Lawrence Tippens I used the following asbestos containing products which produced dust breathed by William Lawrence Tippens and myself:

.            .            .            .

(b) Philip Carey asbestos cement and Carey asbestos pipe covering; [Philip Carey is the predecessor company to Celotex Corp.]

When sworn and questioned on deposition less than two months later, McIntyre repudiated the affidavit:

Q. Okay. You don't have any particular memory of him [Tippens] being next to you while you were using it [Philip Carey asbestos pipe covering]; do you?
A. Well, no. No.

Deposition of Frank McIntyre at 33. Counsel for Celotex concluded the deposition by showing McIntyre a copy of his affidavit and directing his attention to the portion quoted above:

Q. And to the extent that this says that William Lawrence Tippens was around you when you were using it [Philip Carey asbestos pipe covering], you can't testify to that?
A. No. I couldn't testify to that either.
*Id.* at 35.[1]

These passages show that the difference between McIntyre's affidavit and his depo-

---

1. There is no need to contrast any of McIntyre's deposition testimony relating to his use around Tippens of Philip Carey asbestos cement, because in his deposition McIntyre could not even testify for certain that he ever used Carey cement. This portion of his deposition reads in pertinent part:

Q. Okay. Do you recall ever using any Philip Carey cement?

sition testimony is not, as the panel opinion states, "merely an ability to recall specific times, places, and situations." *Tippens v. Celotex,* 805 F.2d 949, 952 (11th Cir.1986). Much more than that, his testimony on the two occasions is directly contradictory and inherently inconsistent. In his affidavit, McIntyre stated that Tippens worked near him while he was using Philip Carey asbestos pipe covering. In his deposition, however, McIntyre testified that he could not recall Tippens ever being around him while he was using Celotex's products. When confronted under oath with the bald assertion in his affidavit, McIntyre admitted that he could not testify to the accuracy or truthfulness of that statement. McIntyre not only was unable to cite specific instances when he used Celotex's asbestos containing products while in close proximity to Tippens, he could not state that he *ever* did so. His deposition testimony is so irreconcilable with his prior affidavit that the affidavit may justifiably be disregarded as a sham.

I agree that we must be careful to distinguish "between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." *Tippens,* 805 F.2d at 953. The affidavit in this case, however, satisfies this court's definition of a sham affidavit. In *Van T. Junkins and Associates v. U.S. Industries,* 736 F.2d 656 (11th Cir.1984), we recognized that "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." [2] *Id.* at 657; *cf. Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 894 (5th Cir.1980) (affidavit held not to be a sham where it purported to explain certain aspects of deposition testimony and where affiant stated that he was confused during deposition). This circuit's precedent, therefore, counsels that an affidavit is properly considered a sham whenever the affiant (1) makes a conclusory, unexplained assertion regarding a material fact which (2) directly contradicts that person's unequivocal deposition testimony.

McIntyre's affidavit qualifies as a sham under this test. The relevant portion of his affidavit consists merely of the bald assertion that while working in close proximity to the decedent McIntyre used various asbestos containing products, some of which were produced by Philip Carey (Celotex). The entire content of the affidavit is conclusory; it contains no details or facts sup-

---

A. It seems like I do. But that's something else I couldn't testify to either.
Q. Okay. Would your testimony be the same about the asbestos-containing properties of that cement? In other words, you don't know whether any cement—
A. No. No.
Q. —you might have used contained asbestos?
A. No. No.
Q. Is what I said correct?
A. Yeah.

Q. Okay. As to the asbestos cement, you couldn't say that you ever did use that; is that correct?
A. Well, no. I'm afraid to there.
Deposition of Frank McIntyre at 33–34.

**2.** The panel seemed to place some importance on the fact that the affidavit *preceded* the discrediting deposition in this case, noting that [w]hile it is much less likely that an affidavit which precedes a weak deposition is filed as a transparent sham than is a discrediting affidavit which is filed after a weak deposition which failed to establish a material issue of fact, we do not need to reach that conclusion today because we find that the affidavit and deposition are not inherently irreconcilable. *Tippens,* 805 F.2d at 953. I disagree with this assessment. McIntyre's affidavit was offered by the plaintiff expressly for the purpose of opposing Celotex's motion for summary judgment, the same purpose for which virtually all sham affidavits are offered. *See Van T. Junkins,* 736 F.2d at 656; *see also Babrocky v. Jewel Food Co.,* 773 F.2d 857, 861 (7th Cir.1985); *Foster v. Arcata Assocs., Inc.,* 772 F.2d 1453, 1462 (9th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986); *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223, 228 (5th Cir.1984); *Camfield Tires, Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1365 (8th Cir.1983). It is the *purpose* of the affidavit that is important, not when it was filed vis-a-vis the party's deposition. Because the purpose of the affidavit in this case was to create an issue of fact in response to the defendant's summary judgment motion, it is just as susceptible to being a transparent sham as an affidavit which is filed after a weak deposition.

porting his general declarations. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984). Moreover, when confronted with his affidavit statements during his deposition, McIntyre did not attempt to explain the inconsistencies in his testimony, nor does his deposition reflect any confusion that might require explanation. *See Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir.1983); *cf. Kennett-Murray Corp.*, 622 F.2d at 894. In addition, there was such a close proximity between his deposition and affidavit[3] that the inconsistencies in his testimony cannot be rationalized merely by reference to the passage of time.

It comes down to this: for Tippens to recover, she must carry the burden of showing that the deceased was exposed to the asbestos containing products of Celotex. In response to Celotex's summary judgment motion, Tippens proffered McIntyre as a witness to prove this exposure. On deposition, McIntyre swore that he could not assist Tippens to carry that burden. The summary judgment therefore was correctly granted by the district court. *See Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

---

**3.** McIntyre's affidavit is dated December 20, 1983. His deposition was taken less than two months later on February 13, 1984.