**John E. DANIELS**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY.**

Civ. No. 2:94–cv–45–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Aug. 22, 1995.

---

Frank Sutton, Office of Frank Sutton, Clayton, GA, for plaintiff.

H. Sanders Carter, Jr. and Kenton Jones Coppage, Carter & Ansley, Atlanta, GA, for defendant.

## ORDER

O'KELLEY, District Judge.

The captioned case is before the court on defendant's motion for summary judgment. Plaintiff has responded in opposition to the motion. The court considers the motion below.

### Factual Background

Plaintiff is a former employee of Centura Banks, Inc. While employed by Centura, plaintiff was a participant in Centura's employee benefit plan and was covered under a group insurance policy provided to Centura by defendant. On August 1, 1991, plaintiff submitted a claim to defendant for long-term disability benefits, based upon a long-standing seizure disorder. At the time of his claim, plaintiff was employed by Centura as a retail account officer or loan administrator. Plaintiff is a high school graduate who had been employed by Centura since September 1977. Since July 1991, plaintiff had been a vice president of Centura.

On December 4, 1991, defendant approved plaintiff's claim. Plaintiff was informed that benefits would continue as long as he met the policy definition of total disability. Thereafter, in late 1992, defendant began to evaluate plaintiff's claim to determine whether plaintiff continued to meet the definition. In November 1993, a medical consultant hired by defendant reviewed the relevant documents in plaintiff's file and concluded that there was insufficient objective medical evidence to support plaintiff's claim. Based on a review of plaintiff's file and the consultant's report,

defendant denied plaintiff's claim after December 31, 1993.

In January 1994, defendant was contacted by plaintiff's attorney and, in response to his demand for reinstatement, reviewed additional medical information submitted by plaintiff's attorney. Again, the consultant concluded that plaintiff's claim should be denied. Therefore, in March 1994, defendant reaffirmed its prior decision to plaintiff's attorney. Based on this final denial, plaintiff filed the instant action.

*Standard of Review*

■ Summary judgment is proper only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Where supporting or opposing affidavits are used, the

> affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Fed.R.Civ.P. 56(e). Because the procedure deprives the parties of a trial on the issues, the court must be careful to ensure that only those claims for which there is no need for a factual determination as to any material fact are disposed of by summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ In addition, a court evaluating a summary judgment motion must view the evidence in the light most favorable to the non-movant. *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988); *Tippens v. Celotex Corp.,* 805 F.2d 949, 953 (11th Cir. 1986), *reh'g denied,* 815 F.2d 66 (11th Cir. 1987). To survive a motion for summary judgment, the non-moving party need only present evidence from which the trier of fact might return a verdict in his favor. *Samples,* 846 F.2d at 1330. However, Rule 56,

"[b]y its very terms, ... provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). The materiality of facts is governed by the substantive law. *Id.* at 248, 106 S.Ct. at 2510. A dispute is genuine if the evidence is such that the factual issues "may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

■ Consideration of a summary judgment motion does not lessen the burden on the non-moving party: the non-moving party still bears the burden of coming forth with sufficient evidence on *each element* that must be proved. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990) (emphasis in original); *see Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. "If on any part of the prima facie case there would be insufficient evidence to require submission of the case to the jury, [the court] must ... grant ... summary judgment for the defendant." *Earley,* 907 F.2d at 1080 (citations omitted). In *Earley,* the Eleventh Circuit further emphasized:

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.... Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.... In such circumstances, there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.... If the evidence is *merely colorable,* or is *not significantly probative,* summary judgment may be granted.

*Id.* (emphasis in original) (citations omitted).

*Analysis*

In its motion for summary judgment, defendant raises two arguments for consider-

ation by the court. Plaintiff has not responded to the first of defendant's arguments but has responded in opposition to the second argument.

Defendant first argues that plaintiff's state law claims are preempted by ERISA. The court agrees. The court has previously denied plaintiff's motion to remand due to ERISA preemption. *See* Order of April 25, 1995. As to plaintiff's state law claims, the court finds that they are preempted by ERISA. *See generally Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Therefore, this portion of defendant's motion for summary judgment is hereby GRANTED.

Next, defendant argues that it is entitled to summary judgment as to the propriety of its decision to deny plaintiff's claim for total disability benefits. Defendant argues that its decision was neither arbitrary nor capricious and, therefore, that it is entitled to summary judgment on plaintiff's claim of wrongful denial.

■ "A denial of benefits under an ERISA plan must be reviewed de novo 'unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Lee v. Blue Cross/Blue Shield of Ala.,* 10 F.3d 1547, 1549 (11th Cir. 1994) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). Where the plan does give such discretion to the administrator or fiduciary, the court "must review ... [a] denial of benefits ... under the arbitrary and capricious standard." *Id.* at 1550.

In the instant action, the relevant plan expressly gives such discretion to defendant:

The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy.

*See* Defendant's Exhibit 3, p. 3. Therefore, the court reviews defendant's decision under the arbitrary and capricious standard.

■ Under this standard, the court is to determine whether, given the evidence available to the fiduciary, the claims decision was made rationally and in good faith, not whether it was "right." *Griffis v. Delta Family Care Disability Plan,* 723 F.2d 822, 825 (11th Cir.1984); *Lee,* 10 F.3d at 1550. In this case, however, because defendant was also the underwriter of the plan, the claims decision is subject to a more searching analysis. *See, e.g., Lee* 10 F.3d at 1549–50; *Newell v. Prudential Ins. Co.,* 904 F.2d 644 (11th Cir.1990); *Anderson v. Blue Cross/Blue Shield of Ala.,* 907 F.2d 1072 (11th Cir.1990). Under this heightened standard, the court must determine whether plaintiff has proposed a sound interpretation to rival that of the underwriter. *Brown v. Blue Cross and Blue Shield of Ala.,* 898 F.2d 1556, 1570 (11th Cir.1990); *Lee* 10 F.3d at 1550. "[A] wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected [participant] ... unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." *Brown,* 898 F.2d at 1566–67.

■ After careful consideration of a lengthy record, the court finds that defendant's decision was neither arbitrary nor capricious. Here, defendant merely sought objective medical evidence to determine whether plaintiff continued to meet the definition of long-term disability. Now, over two and a half years from the initiation of defendant's review, plaintiff has yet to submit objective evidence of plaintiff's inability to engage in "any occupation or work for which you are or could become qualified by training, education or experience." *See* Defendant's Exhibit 3, p. 4. The only objective evidence presented by plaintiff is the office notes of Dr. Holton and Dr. Hardy. These notes serve only to bolster an issue not in dispute: that plaintiff suffers from a seizure disorder. These notes do not show the court that plaintiff is unable to engage in some form of work and, therefore, that defendant's denial was arbitrary and capricious.

Plaintiff also argues that defendant was primarily motivated by a desire to cut its costs, without regard for its obligations under the plan. After careful consideration, the court finds this argument to be without merit. Defendant's internal notes do indicate that plaintiff's benefits were a substantial liability, but beyond that fact defendant indicates that this merely provides a sound basis for reviewing the state of affairs concerning plaintiff's claim and determining if he was capable of engaging in some form of employment. A review of plaintiff's claim for these reasons is not, *ipso facto,* inconsistent with defendant's fiduciary duties to the plan and, without more, does not suggest an investigation tainted with self-interest. Here, based on the objective evidence before it, defendant denied plaintiff's claim. Looking at the record before it, the court finds that this decision was neither arbitrary nor capricious. Therefore, defendant's motion for summary judgment is hereby GRANTED [17–1].

IT IS SO ORDERED.