**Robert RIOS, Plaintiff,**

**v.**

**Nicholas NAVARRO, et al., Defendants.**

**No. 91–6129–CIV.**

United States District Court,
S.D. Florida.

June 24, 1991.

Charles T. Whitelock, Whitelock & Moldoff, Fort Lauderdale, Fla., for plaintiff.

H. Jack Klingensmith, Jorden, Schulte & Burchette, Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the motion to dismiss the complaint and for summary judgment filed by defendant Nicholas Navarro ("Navarro"). Fed.R.Civ.P. 12(b), 56. On the same date, a motion to dismiss the complaint and for summary judgment was filed on behalf of defendants Ron Cacciatorre, Robert Deak, Douglas S. Brown, Jamie D. Huff, Roger Lekutis and Tom Eastwood. Fed.R.Civ.P. 12(b), 56. In addition, all defendants have moved for this Court's permission to file memoranda in excess of the twenty page limit prescribed by the Local Rules of this Court, and have requested oral argument.

The plaintiff has responded to the motions to dismiss and for summary judgment in a timely fashion. The defendants initially moved for an extension of time to reply to this response, and then filed their reply memoranda.

## FACTS

### 1. The Parties

The plaintiff in this action, Robert Rios ("Rios"), is a Deputy in the Broward County, Florida Sheriff's Office. Complaint, ¶ 1. The defendants are Navarro, the Sheriff of Broward County, Florida, and employees of his office. Complaint, ¶¶ 2–7. Rios, to this date, *is still employed* as a deputy sheriff in Broward County. Complaint, ¶ 9.

### 2. General Allegations

The complaint alleges that the defendants engaged in a conspiracy to injure Rios in his professional employment. *See, e.g.* Complaint, ¶¶ 83–84. The plaintiff further alleges that this conspiracy lasted over several years, and consumed several instances.

Specifically, Rios alleges that after he determined that a vehicle seized in a police operation should be released, several defendants altered the Rios' authorization slip to reflect that it was held for confiscation and erroneously released by the Rios. Complaint, ¶¶ 21–30. After several defendants conducted an investigation of the plaintiff, they concluded that the plaintiff had the authority to release the vehicle. Complaint, ¶¶ 32–54.

The complaint further alleges that one defendant attempted to interfere with an investigation conducted by the state attorney of the other defendants' actions in the above matter. After the state attorney recommended that the sheriff handle the matter administratively, no investigation was conducted by the sheriff. Complaint, ¶¶ 55–59.

The complaint also states that because certain defendants misused polygraphs

which resulted in the dismissal of charges against other individuals, Rios was the subject of numerous administrative violations. In addition, Rios was later accused by a female inmate of sexual misconduct while the plaintiff administered a polygraph test to the inmate. After an administrative hearing, the sheriff's complaint review board voted in favor of Rios. Complaint, ¶¶ 60–77.

In essence, Rios complains that he was subject to a continuing barrage of complaints within the sheriff's office. Further, the plaintiff states that the other defendants received promotions or raises from the sheriff. Complaint, ¶¶ 78–79.

### 3. § 1983 Allegations

Count One of the complaint states that the plaintiff was deprived by the defendants, under color of state law, of the following rights:

(1) Freedom from deprivation of liberty without due process of law;

(2) Freedom to live and work as (plaintiff) desires;

(3) Freedom to pursue a livelihood and vacation without any stigma, embarrassment or humiliation;

(4) Freedom from the deprivation of property without due process of law;

(5) The right to freedom from abuse of process;

(6) The right to freedom from malicious prosecution;

(7) The right to review exculpatory materials;

(8) The right to be free from selective or discriminatory administrative proceedings;

(9) The right to be free from use of perjured testimony or evidence;

(10) The right to procedural due process to protect a person's good name, reputation, honor and integrity;

(11) The right of equal opportunity to hold and enjoy public employment;

Complaint, ¶ 85. Count One also states that a violation occurred under § 1983 as it was the policy, custom and usage in the sheriff's office that:

(1) The defendants were not instructed, supervised controlled and/or disciplined in their duty to refrain from instituting an administrative proceeding or complaint except on a good faith or reasonable basis;

(2) The defendants were not properly trained as deputy sheriffs and officers;

(3) The defendants were not properly supervised;

(4) The defendants were not properly disciplined or not properly restrained from maliciously and willfully prosecuting bogus administrative complaints as a result of personal bias and hostility towards Rios;

(5) These defendants otherwise apprized the plaintiff of his constitutional statutory rights, privileges and immunities;

(6) These defendants' fact finding and internal review process were inherently designed and manipulated to avoid an impartial and objective review of any complaint against (the plaintiff).

Complaint, ¶ 88.

### 4. § 1985 Allegations

Count two of the complaint states that the defendants willfully acted or omitted to act together under color of state law in a conspiracy against the plaintiff, which resulted in an injury to the plaintiff. This count further states that defendant Navarro knew or should have known of the other defendants' activities. Complaint, ¶¶ 91–98.

### 5. Pendant State Law Counts

Counts three through six allege causes of action in negligence, intentional infliction of emotional distress and defamation. Complaint, ¶¶ 102–126. Specifically, the plaintiff states that the defendants have injured his *honesty, reputation* and *public status. See, e.g.* Complaint ¶¶ 105, 114, 119, 122.

DISCUSSION

The defendant has made a motion to dismiss the case for failure to state a claim upon which relief may be granted. Fed.R. Civ.P. 12(b)(6). In fact there is no claim for which relief may be granted.

■ A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The allegations of the claim must be taken as true. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

In addition, summary judgment may be granted when there are "... no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Tippens v. Celotex Corp.*, 805 F.2d 949, 952–954 (11th Cir.1986); *See also,* C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2725 at 75 (1983). The evidence must be viewed in the light most favorable to the non-moving party. *Tippens*, 805 F.2d at 892, *Sweat v. Miller*, 708 F.2d 655, 656–657 (11th Cir.1983).

■ "In order to avoid the grant of summary judgment, a party must demonstrate both the existence of a material fact and a genuine issue as to that material fact. A fact is material if it constitutes a legal defense to an action." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). In other words, a fact is material if it is an essential element of the cause of action. *Murphy v. Light*, 257 F.2d 323, 325 (5th Cir.1958). In the instant matter, this burden appears to be satisfied.

### 1. *Dismissal of § 1983 Allegations*

■ As this Court has noted, Rios claims that the afore-mentioned activities by the defendants injured his honesty, reputation, public status and employment status. Complaint, ¶¶ 84, 95, 105, 114, 119, 122. The Court also notes, more importantly, that Rios *has not* lost his job. *Id.* at ¶ 99. What Rios has alleged, therefore, is an injury to his liberty interest. *See, e.g. Von Stein v. Brescher*, 904 F.2d 572, 580–581 (11th Cir.1990).

The Supreme Court of the United States has yet to hold that reputation alone, outside of more tangible interests such as the loss of a job, is a liberty or property interest protected by the United States Consti-

tution. *Von Stein,* 904 F.2d at 580–581 (*citing, Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976)). In addition, the Court of Appeals for the Eleventh Circuit *has yet to hold* that defamation or any other injury to a person's reputation, *"other than in the course or dismissal from a job or in the termination or significant alteration of some other legal right or status,"* constitutes a deprivation sufficient to state a claim under § 1983. *Von Stein,* 904 F.2d at 582 (emphasis added).

In *Von Stein,* the plaintiff was arrested for renting real property with the knowledge that it was used for prostitution. The plaintiff's arrest was publicized in the local media channels, and though the criminal charges against the plaintiff were later dismissed, the plaintiff claimed an injury to his reputation caused through this state action. *Id.* at 574, 576.

The court held that the defendants' statement did not significantly alter or affect any right guaranteed to the plaintiff under the U.S. or Florida's Constitution. Therefore, there was no state action sufficient to invoke due process protection, and no cause of action under § 1983. *Id.* at 583–584.

The court reasoned that defamations by public officials do not automatically convert into a deprivation of a liberty right within the meaning of the due process clause. *Id.* at 581 (*citing Paul v. Davis,* 424 U.S. at 702, 96 S.Ct. at 1161). The court reasoned that injury to one's reputation in connection with an official discharge from public employment may be a cognizable injury under federal law. *Von Stein,* 904 F.2d at 582, n. 12; *see also, Owen v. City of Independence, Mo.,* 445 U.S. 622, 633, 100 S.Ct. 1398, 1406, 63 L.Ed.2d 673 (1980). The court stated, however, that in order to trigger due process protection, any "stigmatization" or injury to one's reputation must be committed in connection with a denial of a right previously recognized by state law, and in order to constitute a liberty right in such an instance, the plaintiff must allege the loss of his job. *Von Stein,* 904 F.2d at 581.

■ Certainly, due process has been met here. When a person alleges injuries to his name, reputation, honor or integrity due to government conduct, the injured must be given notice and an opportunity to be heard. *Von Stein*, 904 F.2d at 580 (*citing, Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971) (posting in liquor stores a list of persons who became violent after drinking unconstitutional)). Rios was afforded an administrative hearing and an opportunity to be heard. Complaint, ¶¶ 60–77.

The Court finds that Rios, however, did not lose his job, *Id.* at ¶ 9, and, therefore, has not been deprived of any constitutionally protected right.

In an earlier case, the Eleventh Circuit determined when an individual's liberty interests have been violated. In *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1042–1043 (11th Cir.1989), the court stated that to prove deprivation of an individual's liberty interest, one must prove:

(1) a false statement;

(2) of a stigmatizing nature;

(3) attending a governmental employee's discharge;

(4) which is made public;

(5) by the government employee;

(6) without a meaningful opportunity for employee name clearing.

The *Buxton* court went further to state that due process is satisfied if a hearing is held before or after the *termination* of an individual's job, or the *publication or related information adverse to the individual's interest. Id.* at 1046.[1] Certainly, Rios cannot meet this standard and thus, no cause of action has been alleged.

2. *Dismissal of Conspiracy Charges*

In addition, the plaintiffs' claims of a conspiracy are not apparent.

■ A conspiracy is an agreement between two or more individuals to deprive a person of some protected right, where one individual acts in furtherance of the objective of the conspiracy, which causes an actual injury to a person or property, or deprives a person of exercising any right or privilege as a United States citizen. Each member must have knowledge of the nature and scope of the agreement. 42 U.S.C. § 1985.

■ A conspiracy under § 1983 must further allege that the injury must be caused by a person who is a state actor, or whose conduct is chargeable to the state. *Scott v. Dixon*, 720 F.2d 1542, 1545 (11th Cir.1983), *cert. denied*, 469 U.S. 832, 105 S.Ct. 122, 83 L.Ed.2d 64 (1984).

The plaintiff has not stated, or alleged any such interaction between the co-defendants to establish a cause of action for conspiracy. The conspiracy claims, therefore, may likewise be dismissed.

3. *Dismissal of Counts Five through Twelve*

■ In counts five through twelve of their complaint, plaintiff alleges causes of action involving state common law and statutory issues. As these pendent state claims do arise out of the "common nucleus of operative fact", this Court has the power to adjudicate the claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Pendent jurisdiction is "a doctrine of discretion," a power that need not be exercised in every case, and not a plaintiff's right. *Id.* at 726, 86 S.Ct. at 1139.

■ The *Gibbs* Court listed a number of factors that a federal court may consider in deciding whether or not to keep state law

---

**1.** In *Buxton*, a police officer was discharged as a result of assaulting someone under arrest. The officer had met with the appropriate personnel before his discharge. The officer applied to another city's police department, and signed a release to allow his former employer to present a reference to his prospective employer.

The officer claimed that the presence of stigmatizing information in his public file implicat-ed his liberty interests. *Buxton*, 871 F.2d at 1038–1040. The court held that because the officer's liberty interests were affected, and because the officer was not afforded the opportunity of a hearing, the officer's due process rights were implicated, and the district court's dismissal of the officer's action was reversed. *Id.* at 1046.

claims. Among them are the interest in judicial economy, convenience, fairness to the litigants, whether state issues predominate, the likelihood of jury confusion and whether or not the federal claims have been dismissed prior to trial. *Id.*

In the instant case, the plaintiff's federal claims will be dismissed before trial, and state law claims of assault and battery will predominate. The state claims should also be dismissed. *Id.*[2]

The Court has reviewed the motion, the record, and the being otherwise duly-advised, it is hereby:

ORDERED and ADJUDGED that the defendants' motion to dismiss and for summary judgment will be GRANTED, and this cause and the same will be DISMISSED.

In addition, the defendants' motion to exceed the page limitation will be GRANTED, *nunc pro tunc.* Finally, the defendants' motion for extension of time to reply will also be GRANTED nunc pro tunc.

DONE AND ORDERED.

---

**2.** In *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), the plaintiffs filed federal and state law claims in state court and then removed to federal court. The federal claims were all dismissed prior to trial. The district court then remanded the pendant state claims to state court, rather than dismiss the state claims under *Gibbs.* *Id.* 108 S.Ct. at 619–620.

The Supreme Court reasoned that the district court had the power to retain jurisdiction over the state law claims once the federal law claims were dismissed. The district court, however, also had a continuing duty to consider whether it should exercise its jurisdiction. The Court held that in situations where the plaintiff's filed their claims in state court and then removed to federal court, the claims could be remanded to state court, instead of dismissed. Plaintiff, unfortunately, does not have that option in this case as she originally filed her case in federal court.