[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11626
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02027-CV-CC-1

IRENE LAWVER, M.D.,

                                                          Plaintiff-Appellant,

versus

HILLCREST HOSPICE, INC.,
d.b.a. Portsbridge Hospice,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 24, 2008)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Irene Lawver appeals the district court's grant of summary judgment in

favor of defendant Hillcrest Hospice, Inc. ("Hillcrest"). Lawver is a female over forty years of age. She brought claims for gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), and claims for age discrimination pursuant to the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Lawver also appeals the district court's award of attorney's fees to Hillcrest on her Title VII, EPA, and ADEA claims.

On appeal, Lawver argues that the magistrate judge abused his discretion by striking a witness's affidavit on the grounds that she failed to disclose the witness during discovery. Additionally, Lawver argues that the district court erred by (1) disregarding her affidavit, which she claims was not inconsistent with her deposition; (2) finding that she failed to establish *prima facie* cases on her Title VII and EPA claims, as she claims Hillcrest terminated her position instead of a higher paid male coworker's position; and, (3) awarding Hillcrest attorney's fees, as she argues that her claims were not frivolous, nor litigated in bad faith.

## I. Striking of witness's affidavit

We review the exclusion of evidence, based on Federal Rule of Civil Procedure 26 violations, for an abuse of discretion. *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004). "We review a district court's exclusion of a witness not

listed on the pretrial order for abuse of discretion, and consider: (1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Bearint ex rel. Bearint v. Dorrell Juvenile*, 389 F.3d 1339, 1353 (11th Cir. 2004).

Each party is required to disclose the names of individuals who likely have discoverable information that the party may use to support its claims or defenses. FED. R. CIV. P. 26(a)(1)(A). The parties are required to supplement incomplete Rule 26(a) disclosures. FED. R. CIV. P. 26(e)(1). A party who fails to comply with Rule 26(a) or (e) is precluded from using the undisclosed witness "to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). We have held that, when a party fails to comply with Rule 26, the district court does not abuse its discretion by striking an affidavit submitted in opposition to summary judgment, pursuant to Rule 37(c). *See Cooper*, 390 F.3d at 727-28.

Lawver did not disclose her witness either in her initial disclosure or in response to Hillcrest's interrogatory asking Lawver to provide the names of all witnesses whom she contended possessed information in support of her claims. At no time did Lawver supplement her disclosures to reveal her intended witness to

Hillcrest. It is irrelevant that her witness was once an employee of Hillcrest. Lawver has not provided any adequate explanation for her failure to disclose her witness earlier. Therefore, because Lawver failed to amend her discovery disclosures to identify her witness, the magistrate judge did not abuse his discretion by striking her witness's affidavit.

## II. Summary judgment

"We review *de novo* a district court's order granting [a] motion for summary judgment and construe all reasonable doubts about the facts in favor of the nonmovant." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) (per curiam) (internal quotation marks omitted). We will not consider arguments that are mentioned in passing without elaboration or citation of authority. *See Flanigan's Enters., Inc. of Ga. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001); *see also* FED. R. APP. P. 28(a)(9)(A) (requiring that an appellant's brief contain her contentions, along with citations).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P.

56(c)). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ.,* 495 F.3d 1306, 1313 (11th Cir. 2007). To establish a genuine issue, a party must present more than conclusory and unsupported factual allegations. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam).

### a. Lawyer's affidavit

Title VII prohibits sex-based discrimination that alters the terms and conditions of employment. 42 U.S.C. § 2000e-2(a)(1). A plaintiff can prove gender discrimination through either direct or circumstantial evidence. *E.E.O.C. v. Joe's Stone Crabs, Inc*., 296 F.3d 1265, 1272 (11th Cir. 2002). "Direct evidence of discrimination is evidence, that, if believed, proves the existence of a fact in issue without inference or presumption . . . [and] is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor." *Rojas v. Fla.*, 285 F.3d 1339, 1342 n.2 (11th Cir. 2002) (per curiam) (internal quotation marks and citation omitted).

A party's affidavit may be disregarded as a sham when it contradicts, without explanation, her prior deposition testimony that established that there was not a genuine issue of material fact. *Van T. Junkins and Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). We have held that the *Van T. Jenkins*

5

rule should be used sparingly:

> [as] to allow every failure of memory or variation in a witness'
> testimony to be disregarded as a sham would require far too much
> from lay witnesses and would deprive the trier of fact of the
> traditional opportunity to determine which point in time and with
> which words the affiant was stating the truth.

*Allen v. Bd. of Pub. Educ.*, 495 F.3d at 1316 (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 953-54 (11th Cir. 1986) (alterations omitted). A district court must find that the party's affidavit and deposition contain an inherent inconsistency before it can disregard an affidavit. *Id.*

We are not convinced by Lawver's argument that her deposition testimony accords with her subsequent affidavit. In her deposition, she states that she made a comment, and Hillcrest's chief operating officer laughed. However, in her affidavit, she states that she asked a question of the chief operating officer, who laughed and nodded his head in affirmance. Lawver now asserts that the chief operating officer's head nod provides the direct evidence of his discrimination. Given the central importance of this alleged head nod to Lawver's case, we agree with the magistrate and district court that Lawver's affidavit is inherently inconsistent with her prior testimony. The district court did not err by disregarding Lawver's affidavit as a sham.

b. EPA claim

6

We review for clear error a district court's finding that an employer established that sex did not provide any basis for a pay disparity. *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1078 (11th Cir. 2003). A plaintiff establishes an EPA *prima facie* case "by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." *Id.* at 1077-78 (internal quotation marks and citation omitted). If the plaintiff establishes a *prima facie* case, the employer must establish, by a preponderance of the evidence, that the difference in pay was due to "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) any other factor other than sex." *Id.* at 1078 (quoting 28 U.S.C. § 206(d)(1) (alteration omitted). If the employer meets its burden, the plaintiff must rebut the defense by establishing, through affirmative evidence, that the employer's justification was pretext or a post-hoc justification. *Id.* If the employer fails to establish that the pay differential was for a reason other than sex, the plaintiff is entitled to judgment, as the EPA does not require her to prove that the employer acted with discriminatory intent. *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994).

When neither Lawver's affidavit nor her witness's affidavit are considered,

7

as they are not here, pursuant to FED. R. CIV. P. 37(c)(1), Lawver has not made out a *prima facie* case of gender discrimination. Futhermore, Hillcrest has demonstrated that any pay differential between Lawver and her male coworker was based on the male coworker's seniority and credentials. Thus, the district court did not err in granting summary judgment in favor of Hillcrest on Lawver's EPA claim.

### c. Title VII wage discrimination

In addition to an EPA claim for wage discrimination, an employee can bring a wage discrimination suit under Title VII. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1527-28 (11th Cir. 1992). However, we do not consider issues raised for the first time on appeal. *Access Now, Inc. v. Southwest Airlines, Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

We do not address Lawver's Title VII wage discrimination claim, as she raises it for the first time on appeal.

### d. Title VII gender discrimination

We use the analytical framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), when a plaintiff offers circumstantial evidence to establish a Title VII violation. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998). This framework

8

requires the plaintiff to establish a *prima facie* case of discrimination, and then the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the employment action it took. *Id.* The burden then shifts back to the plaintiff to demonstrate that the proffered reason was pretextual. *Id.* The plaintiff can establish pretext by showing that the employer's non-discriminatory reason should not be believed, or, when considering all the evidence, that it is more likely that the discriminatory reasons motivated the decision than the employer's proffered reasons. *Id.* at 1332.

Ordinarily, to establish a *prima facie* case of discrimination under Title VII, the plaintiff must establish that "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job. . . ." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 842-43 (11th Cir. 2000). In reduction-in-force cases, however, a plaintiff establishes a prima facie case of discrimination by "(1) showing that [she] was a member of a protected group and was adversely affect by an employment decision; (2) proving that [she] was qualified for [her] position or to assume another position at the time of the discharge; and (3) producing sufficient evidence from which a rational fact finder could conclude that his employer

9

intended to discriminate against him in making the discharge decision." *Standard*, 161 F.3d at 1331. We have held that, in reduction-of-force cases, the employer "seldom" seeks to replace the discharged employee. *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir. 1987).

The district court properly evaluated Lawver's Title VII gender discrimination claim as a reduction-in-force case. Lawver's position as a Medical Director was eliminated. Although Hillcrest did hire two new Associate Medical Directors to cover the patients previously seen by Lawver, the Associate Medical Directors had far fewer responsibilities and, even together, were paid much less than a single Medical Director. As such, Lawver cannot be said to have been replaced.

Again, when one does not consider either Lawver's affidavit or her witness's affidavit, Lawver has not made out a *prima facie* case of gender discrimination. Moreover, Hillcrest has presented sufficient evidence to establish that it eliminated a Medical Director position because the company was experiencing financial difficulty. Additionally, Hillcrest has demonstrated that it retained Lawver's male coworker on the basis of his seniority and better credentials.

Lawver failed to establish a *prima facie* case through circumstantial evidence because she did not show that Hillcrest eliminated her position based on

discriminatory intent. The district court did not err in granting summary judgment in favor of Hillcrest on Lawver's Title VII gender discrimination claim.

### III. Attorney's fees

We review the granting of attorney's fees for an abuse of discretion. *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005).

A district court may grant attorney's fees to a prevailing defendant in ADEA cases upon a finding that the plaintiff litigated her claim in bad faith. *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). A district court may grant a prevailing defendant attorney's fees in Title VII cases upon a finding that the plaintiff's claims were "frivolous, unreasonable, or without foundation." *Id.* at 1437 n.19 (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978). In reviewing frivolity determinations, we view the evidence in the light most favorable to the plaintiff. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005). We have held that three factors are important in determining whether a claim was frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). These factors, however, are only general

11

guidelines, and frivolity determinations must be made on a case-by-case basis. *Quintana*, 141 F.3d at 1309.

A settlement offer does not automatically bar a defendant from receiving attorney's fees, and the amount of the offer must be considered in determining whether the offer militates against a finding of frivolity. *Id.* at 1310. Attorney's fees are inappropriate when the plaintiff's claims are meritorious enough to receive careful attention and review. *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995). A plaintiff does not proceed frivolously when her case is based solely on speculation, as long as the speculation is reasonable. *Cordoba*, 419 F.3d at 1181 (addressing attorney's fees in an ADA case).

We agree with the magistrate and district court on the merits of Lawver's claims. However, although Lawver's claims were weak, they were not "frivolous, unreasonable, or without foundation." *Turlington*, 135 F.3d at 1437. Lawver reasonably speculated that she was terminated on the basis of her gender and age.

Her male coworker was not terminated. The Associate Medical Directors hired to cover her patients were younger than her. Her witness's affidavit stated that Hillcrest was profitable during the relevant times, such that Hillcrest need not have reduced its workforce. Two other Hillcrest employees stated that they observed gender discrimination at Hillcrest. Although this evidence was not all

ultimately admissible and did not amount to a *prima facie* case, Lawver's speculation that she was terminated on the basis of discrimination was reasonable. "Because [Lawver's] claims, though weak, were not entirely 'without foundation,' this district court's award of fees and expenses constituted an abuse of discretion." *Cordoba*, 419 F.3d at 1182. Accordingly, we reverse the district court's grant of attorney's fees to Hillcrest.

## CONCLUSION

Upon review of the record and the parties' briefs, we find no reversible error in the district court's grant of summary judgment to Hillcrest. Accordingly, we affirm the district court.

However, we find that the district court's grant of attorney's fees to Hillcrest constituted an abuse of discretion. Accordingly, we reverse the district court.

**AFFIRMED in part; REVERSED in part.**