**Sara Lucile ODUM, Individually and as Executrix of the Estate of Bennie Lee Odum, Deceased, Plaintiff-Appellant,**

v.

**The CELOTEX CORPORATION, Defendant-Appellee.**

No. 84–8313.

United States Court of Appeals, Eleventh Circuit.

July 12, 1985.

Eugene C. Brooks, IV, Savannah, Ga., for plaintiff-appellant.

Charles B. Mikell, Jr., Savannah, Ga., for defendant-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

RONEY, Circuit Judge:

This is one of three cases heard together involving a death caused by alleged exposure to asbestos-containing products. The law has been developed in *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482–1486 (11th Cir.1985). The application of that law in the other case, *Lee v. Celotex Corp.,* 764 F.2d 1489, 1490–1491 (11th Cir.1985), resulted in an affirmance of a summary judgment for defendant. In this case, a record review reveals genuine issues of material fact as to whether defendant's asbestos-containing product was used at plaintiff's decedent's job site and whether plaintiff's decedent worked in proximity to the use of defendant's asbestos-containing product. We therefore reverse the summary judgment entered for the defendant and remand the case for further proceedings.

Bennie Lee Odum, an electrician, served from 1936 to 1943 in the United States Navy and from 1943 to 1974 as a civilian employee of the Navy at the Glynco Naval Air Station in Glynco, Georgia. During his career he allegedly was exposed to asbestos-containing products. In 1979, he sought medical attention for extreme shortness of breath and lack of energy. He was diagnosed as having asbestosis. He died on December 25, 1979. According to the death certificate, the direct cause of death was heart failure attributable to arteriosclerosis of the heart.

Plaintiff Sara Lucile Odum filed this action on behalf of her deceased husband against 22 defendants, including the Celotex Corporation, alleging that her husband's exposure to defendants' products was a "direct and proximate" cause of his death. The district court has since granted summary judgment motions to 17 of those defendants and denied summary judgment to the other five on the exposure issue. Celotex is a defendant in this suit due to the fact that in 1972 it became the successor-in-interest to the Philip Carey Manufacturing Company ("Philip Carey"). Plaintiff represents that asbestos-containing products manufactured by Philip Carey were used at Glynco Naval Air Station during Odum's employment there.

Celotex moved for summary judgment on the ground that plaintiff presented insufficient evidence of Odum's exposure to Philip Carey's asbestos-containing products. In response to the motion, plaintiff filed affidavits from Nicholas Baker and Hugh Tankersley and a later deposition of Baker. This evidence must be viewed in the light most favorable to the plaintiff as the nonmoving party, drawing all reasonable inferences in favor of the plaintiff. *Sweat v. Miller Brewing Co.,* 708 F.2d 655, 656 (11th Cir.1983); *Impossible Electronics Techniques v. Wackenhut Protective System, Inc.,* 669 F.2d 1026, 1031 (5th Cir. Unit B 1982). We must decide whether, on the evidence offered, a jury could reasonably

draw an inference adverse to the defendant on the fact issue critical to this litigation: whether Odum was exposed to Philip Carey's asbestos-containing products. *See generally* Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 486 (1984).

■ The district court, which is managing a large number of these cases, followed the principle it has established to define what a plaintiff must show to prove such exposure: that a particular defendant's asbestos-containing product was used at the job site and that the plaintiff was in proximity to that product at the time it was being used. *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1481–1482 (11th Cir.1985). Testimony of co-workers who can identify a plaintiff by name as having worked with or around a particular defendant's asbestos-containing products is substantial evidence of exposure in asbestos cases. *Migues v. Fibreboard Corp.*, 662 F.2d 1182, 1185 (5th Cir. Unit A 1981).

■ Baker was a pipefitter and insulator who had worked at Glynco Naval Air Station at various times between 1959 and 1961. He stated in an affidavit that he had worked in close proximity to other trades at Glynco, that he had worked with Tankersley, that he specifically recalled the use of Philip Carey products containing asbestos, and that he and those working near him were exposed to the dust emitted by those products.

Baker testified in a subsequent deposition that he recalled working around a man named "Bennie" whom he now thinks was Odum. In particular, Baker recalled working in proximity to Odum in a boiler room in one of the four barracks at Glynco in late 1959 and 1960. During one two-day period Baker was working on plumbing in and around a 25′ by 25′ boiler room while Odum was rewiring a condensation pump and performing other electrical work inside the same room. Baker testified that during the job he and Odum would have been exposed to dust from the Philip Carey pipecovering and cement being installed in the boiler room by pipefitters employed by Glynco. Baker recalls that the pipefitters threw the boxes of Philip Carey pipecovering material out of the boiler room onto the floor. Although later in his deposition Baker admitted that he himself did not use the Philip Carey products and that he was not sure that the Philip Carey products he observed contained asbestos, he believed that they did. He acknowledged that he was aware that Philip Carey manufactured many products that did not contain asbestos. The truth in the conflicts that may appear in Baker's affidavit and deposition must be settled by trier of fact.

The affidavit and deposition of Hugh Tankersley support the inference that Baker and Odum worked in proximity to one another. Tankersley's physical description of Odum is not inconsistent with that given by Baker, a significant correlation due to Baker's inability to identify positively the man he knew as "Bennie" as Bennie Lee Odum, plaintiff's decedent in this litigation. Tankersley's testimony does nothing, however, to strengthen the inference that the Philip Carey products seen by Baker contained asbestos. Although Tankersley can recall his exposure to the products of several asbestos manufacturers, Philip Carey was not among them. Taken together, the testimony of Baker and Tankersley, viewed most favorably to plaintiff's claim, creates a reasonable inference that Baker, Tankersley, and Odum worked in proximity to one another while Philip Carey products were being applied nearby.

There appears to be no genuine issue as to the fact that Philip Carey manufactured a number of pipecovering materials during the relevant time period. Some contained asbestos and some did not. Defendant has offered no evidence whatsoever that Philip Carey products used at Glynco did not contain asbestos. Defendant, as the moving party, has failed to demonstrate that there is no genuine issue as to the material fact of whether the Philip Carey products used on the Glynco job contained asbestos. *See Impossible Electronics*, 669 F.2d at 1031.

Because a genuine issue of material fact remains in this case as to whether the Philip Carey products to which Odum was allegedly exposed actually contained asbestos, the district court improperly granted defendant's motion for summary judgment.

Defendant's motion to strike from plaintiff's brief material not in the record before the district court is GRANTED. The motion of defendant for attorney's fees in connection with the motion to strike is DENIED.

REVERSED.