[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15326
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-23195-MGC

MARIA RODRIGUEZ,

Plaintiff-Appellant,

versus

JONES BOAT YARD, INC.,
a Florida Corporation,
VICTOR BARED,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 26, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Maria Rodriguez appeals the district court's order granting summary judgment in favor of Jones Boat Yard, Inc. (Jones) and its President, Victor Bared (Victor), (collectively, the Defendants) in her Fair Labor Standards Act (FLSA) action against the Defendants. Rodriguez raises several issues on appeal, which we address in turn. After reviewing the record and briefs,[1] we affirm the district court.

## I. BACKGROUND

On May 1, 2000, Victor's elderly mother, Ofelia Bared (Ofelia), hired Rodriguez, a Nicaraguan national, as a live-in caregiver. Rodriguez's duties included preparing meals, performing hygienic and medical care, running errands, cleaning Ophelia' apartment, arranging transportation, taking care of Ophelia's finances, and general companionship. Rodriguez worked between 12 and 17 hours a day, 7 days a week, caring for Ophelia. In return for her services, Ofelia paid Rodriguez $700-$1,100 a month and allowed Rodriguez to live in her apartment. In May 2007, Victor placed Rodriguez on Jones's payroll and included

---

[1]"We review a district court's grant of summary judgment *de novo*." *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1226 (11th Cir. 2009). "In conducting our review, we construe all facts and draw all reasonable inferences in favor of the non-moving party." *Id.*

her in Jones's 401(k) program.[2]  Despite receiving regular payroll checks from Jones, Rodriguez did not perform additional work for Jones or Victor.

In August 2009, Rodriguez was fired and forced to vacate Ofelia's apartment.[3]  Rodriguez initiated this action on October 22, 2009, and subsequently amended her complaint on April 15, 2010, alleging FLSA wage and hour violations.  On April 23, 2010, Defendants filed their motion for summary judgment on all claims, arguing that: (1) Rodriguez was exempt from the FLSA minimum wage and maximum hour provisions under the "companionship services exemption," 29 U.S.C. § 213(a)(15); and (2)  as a matter of "economic reality" the Defendants were not Rodriguez's employer.

This matter was referred to a magistrate, and on July 26, 2010, the court issued its Report and Recommendation (R&R) finding in favor of the Defendants on both grounds.  In making its findings, the court did not consider a post-deposition affidavit submitted by Rodriguez because it directly conflicted with her

---

[2]The parties dispute why Rodriguez was placed on Jones's payroll.  Victor claims it was done at Rodriguez's insistence to help her become a naturalized citizen.  Rodriguez contends she was paid by Jones to "skirt" Social Security Administration regulations.  Regardless of the reason, it is undisputed that between May 2007, and August 2009, Rodriguez was on Jones's payroll.

[3]Rodriguez claims she was fired because the Bared family did not want to pay her a higher wage upon completion of nursing school.

prior deposition testimony. On October 25, 2010, the district court entered a final order adopting the R&R and granting summary judgment in favor of the Defendants. Rodriguez now appeals.

## II. SHAM AFFIDAVIT

Rodriguez first asserts the district court erred in applying the sham affidavit rule in striking her post-deposition affidavit[4] because the affidavit was not directly contrary to her deposition testimony. She contends the affidavit creates an issue of material fact and the court should have considered it when making its summary judgment determination.[5]

Under the sham affidavit rule, "[a]n affidavit may be stricken as a sham 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact . . . [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) (citations omitted). The court making this determination must be careful to distinguish "between discrepancies which

---

[4]The affidavit was filed on May 19, 2010, approximately two months after Rodriguez's deposition transcript was filed.

[5]We review a district court's ruling on admissibility of evidence for abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007).

4

create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." *Id.* at 953.

The district court did not abuse its discretion in striking Rodriguez's affidavit. During Rodriguez's deposition, defense counsel asked her two times whether "almost 100%" of her time was devoted to caring for Ofelia. Rodriguez responded affirmatively both times. We disagree with Rodriguez's argument that the question was ambiguous, and there is nothing in the record to indicate Rodriguez did not understand what was being asked by defense counsel. Moreover, Rodriguez did not provide an explanation why approximately two months after her deposition, she submitted an affidavit stating she spent 20-25% of her time doing general household work and that "almost 100%" of her time actually "meant anywhere between 70 to 75% of the time." Even assuming Ofelia's family members frequently visited the apartment, Rodriguez testified to spending all of her time caring for Ofelia. We will not allow a party to create an issue of material fact by providing supplemental testimony that contradicts prior answers to unambiguous questions. *See Tippens*, 805 F.2d at 954.[6]

---

[6]Rodriguez also claims the court improperly weighed credibility when it stated " . . . I think that words were put into [Rodriguez's] mouth by her attorney and that concerns me." The court was not weighing credibility here, but rather expressing concern with the fact that Rodriguez's counsel submitted an affidavit contradicting his client's prior deposition testimony without providing an adequate explanation.

## III. "COMPANIONSHIP SERVICES" EXEMPTION

Rodriguez next contends she does not meet the FLSA "companionship services" exemption because 20% or more of her work consisted of general household duties. Pursuant to this exemption, "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" is exempt from the minimum wage and maximum hour requirements found in 29 U.S.C. §§ 206 and 207, provided any incidental general household work performed "does not exceed 20 percent of the total weekly hours worked." 29 U.S.C. § 213(a)(15); 29 C.F.R. § 552.6. This exemption extends to workers paid by third parties. *Buckner v. Fla. Habilitation Network, Inc.*, 489 F.3d 1151, 1153 (11th Cir. 2007). Rodriguez's argument is without merit because the admissible evidence illustrates nearly all of her work related to the personal care of Ofelia.

## IV. EMPLOYER STATUS

Lastly, Rodriguez contends the district court erred when it determined the Defendants were not her "employers" under the FLSA.[7] We look at the "economic reality of the relationship between the parties" to determine employer

---

[7]"A determination of employment status under the FLSA . . . is a question of law subject to our *de novo* review." *Antenor v. D&S Farms*, 88 F.3d 925, 929 (11th Cir. 1996).

status. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).  This determination includes inquiries into: "whether the alleged employer (1) had the power to hire and fire the employee[], (2) supervised and controlled [the employee's] work schedule[] or condition[] of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.*

Despite the fact that Victor placed Rodriguez on Jones's payroll and entered her into Jones's 401(k) plan, Rodriguez fails to present any additional material evidence tending to show the Defendants were her employer.  It is undisputed that Rodriguez did not perform any work for Victor or Jones during the period she was employed.  Furthermore, Rodriguez's claim that she was hired and fired by the Defendants is completely belied by the record.  Accordingly, Rodriguez's argument is without merit and we affirm the district court's grant of summary judgment.

**AFFIRMED.**