[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15103
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00591-SLB

YOLANDA J. FAULK,

Plaintiff - Appellant,

versus

VOLUNTEERS OF AMERICA, NORTH ALABAMA, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 24, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Yolanda Faulk appeals the district court's grant of summary judgment in

favor of Volunteers of America, North Alabama, Inc. ("VOA"), as to her

discrimination, retaliation, and hostile work environment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; and as to her state law claims for age discrimination and negligent hiring, training, supervision, and retention. Faulk raises three issues on appeal. First, she argues the district court abused its discretion by striking the declarations of five former VOA employees, pursuant to Federal Rule of Civil Procedure 37(c). Second, she argues the district court abused its discretion by striking Faulk's own declaration. Finally, Faulk argues that the district court's summary judgment analysis was flawed because it ignored evidence and failed to draw all inferences in her favor.[1]

## I.

We review a district court's decision to strike an affidavit for abuse of discretion. *Hall v. United Ins. Co. of Amer.*, 367 F.3d 1255, 1259 (11th Cir. 2004). We review the exclusion of evidence, based on Federal Rule of Civil

---

[1] Faulk also suggests that we consider the district court's alleged errors in sanctioning her counsel, arguing that the district court's sanctions determination tainted and prejudiced its substantive analysis of the summary judgment motion. We decline to consider these arguments because she failed to raise the issue of judicial bias before the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004) (stating that, in the absence of special circumstances, we will not consider an issue raised for the first time on appeal). We note that a sanctions order against counsel, without more, is ordinarily insufficient to show that the court was biased. *See Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").

Procedure 26 violations, for an abuse of discretion. *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456–58, 126 S. Ct. 1195 (2006). Additionally, we review for abuse of discretion the "exclusion of a witness not listed on the pretrial order for abuse of discretion, and consider: (1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).

Each party is required to disclose the names of individuals likely to have discoverable information that the party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are required to supplement incomplete Rule 26(a) disclosures. Fed. R. Civ. P. 26(e)(1). A party who fails to comply with Rule 26(a) or (e) is precluded from using the undisclosed witness "to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We have concluded that, when a party fails to comply with Rule 26, the district court does not abuse its discretion by striking an affidavit submitted in opposition to summary judgment, pursuant to Rule 37(c). *See Cooper*, 390 F.3d at 728.

Recognizing that parties may try to escape summary judgment by using affidavits to create issues of fact where none existed, we have allowed an affidavit to be disregarded as a "sham" if it flatly contradicts earlier deposition testimony without valid explanation. *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Id.* But the court must be careful to distinguish "between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986).

> [E]very discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence. In light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made in an early deposition.

*Id.* at 954 (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980)) (alteration in original) (citation omitted).

Here, Faulk did not list the five individuals who submitted declarations as potential witnesses in her initial disclosure, nor did she supplement her disclosures. She failed to explain her omission, and the record reveals that VOA would not have known that Faulk was relying upon information from these individuals. As a result, the district court did not abuse his discretion by striking the five declarations.

Additionally, Faulk gave clear answers to unambiguous questions in her deposition that negated the existence of genuine issues of material fact relating to certain instances of discrimination. But Faulk's declaration contradicted these statements, and she does not explain these inconsistencies. Moreover, the differences between Faulk's deposition and her declaration go beyond a few isolated inconsistencies; instead, her declaration conspicuously attempted to substantiate each and every claim that her deposition testimony left lacking. Therefore, the district court did not abuse its discretion in striking portions of Faulk's declaration to the extent it flatly contradicted her prior testimony.

## II.

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual

inferences in a light most favorable to the non-moving party. *Id.* at 1242–43.

Summary judgment is appropriate where "there is no genuine issue as to any

material fact and . . . the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(c)(2).

Faulk fails to cite a specific instance where the court did not draw an

inference in her favor and does not expressly challenge the court's reasoning with

respect to her specific claims. After our review of the record, we discern no error

in the court's analysis. Faulk failed to establish a *prima facie* case for any of her

varied claims, except perhaps those alleging age and race discrimination based on

her termination. In support of those claims, Faulk alleged that she had seen a

young, white woman out in the community with her former clients; she did not

know the woman's identity. Even assuming, *arguendo*, this is enough to establish

a *prima facie* case for discrimination, Faulk's claims fail under the *McDonnell

Douglas* burden-shifting analysis[2] because she did not show that VOA's

legitimate, nondiscriminatory reasons for terminating her[3] were pretextual.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).

[3] Among other things, VOA received reports that Faulk left her developmentally challenged clients unattended at a concert, and that she told a client he was going to hell because he was gay.

Therefore, the district court did not err in granting VOA's motion for summary judgment, and we affirm.

**AFFIRMED.**