[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10441
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00002-CDL


TONY KASSA,

                                                        Plaintiff-Appellant,

versus

SYNOVUS FINANCIAL CORPORATION,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 3, 2020)


Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tony Kassa ("Plaintiff") appeals the district court's grant of summary judgment in favor of Plaintiff's former employer, Synovus,[1] in his disability discrimination and retaliation suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), 12203(a).  In pertinent part, Plaintiff suffers from bipolar disorder and from intermittent explosive disorder.  Reversible error has been shown; we affirm in part, vacate in part, and remand for further proceedings.

In 2015, Plaintiff began working for Synovus as a Lead Network Support Analyst in the Network Operation Center ("NOC") during night and weekend shifts.  Plaintiff told his then-supervisor, Diana Young, about his disorders and that he would sometimes get angry or upset.  Plaintiff told Young that he was able to control his anger if he took his medicine and could take a short break.  Young granted Plaintiff's request to take a short break when he got frustrated as long as his area was covered and he could be reached if necessary.

---

[1] In his initial complaint, Plaintiff named "Synovus Financial Corporation" as the defendant. After Synovus Bank asserted that "Synovus" was the proper party, the district court permitted Plaintiff to amend his complaint to name "Synovus" as the defendant.

2

In 2016 -- as part of a corporate restructuring -- Synovus's NOC department was outsourced to a third-party vendor, and Synovus laid off many of Plaintiff's NOC co-workers. Because of Plaintiff's technical expertise, Synovus wanted to retain Plaintiff's employment. Plaintiff was thus transferred to the Automated Teller Machine ("ATM") team, which handled customer service calls about issues with Synovus ATMs. Plaintiff believed initially that he was going to serve as a technical resource for ATM technicians. Plaintiff later learned that his position on the ATM team would involve answering customer service calls from both technical and non-technical personnel.

Plaintiff expressed to his senior director and to a human resources manager his worry that, because of his disorders, he might lose his temper while talking to someone on the phone. Plaintiff also told his new supervisor -- Wes Mason -- that he had "a condition that sometimes I can't control what I say" and that it was not a good idea to have him answering phones. Plaintiff asked Mason if Plaintiff could take customer service calls only from technicians, work nights, work from home, or could take a short break when he was having an episode. Plaintiff says none of these requests were granted.

In February 2017, Plaintiff received a written reprimand from Synovus after Plaintiff made "rude and unprofessional statements" to team members during an

3

online chat session. In July 2017, Plaintiff's employment was terminated after Plaintiff made another rude and unprofessional comment during a customer service call.

Plaintiff filed this civil action against Synovus, alleging that Synovus discriminated against him by not providing him with a reasonable accommodation for his disability. Plaintiff also alleged that Synovus retaliated against him for complaining about disability discrimination.

The district court granted Synovus's motion for summary judgment. The district court concluded that Plaintiff failed to establish a prima facie case of disability discrimination: Plaintiff had failed to show (1) that Synovus withheld a reasonable accommodation or (2) that Synovus terminated Plaintiff's employment because of his disorders. The district court also concluded that Plaintiff failed to establish a prima facie case of retaliation: he had shown no causal connection between his protected activity and his termination. In the alternative, the district court also determined that Plaintiff had failed to rebut Synovus's legitimate non-retaliatory reason for terminating Plaintiff's employment.

We review the grant of summary judgment de novo, "viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." Hornsby-Culpepper v. Ware, 906 F.3d 1302, 1311 (11th Cir.

4

2018) (quotations omitted).  Summary judgment is appropriate if there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A genuine factual dispute exists only if a reasonable fact-finder could find by a preponderance of the evidence that the plaintiff is entitled to a verdict."  Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012) (quotations omitted).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are not appropriate at the summary judgment stage.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  To the contrary, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id.

I.    DISABILITY DISCRIMINATION

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he (1) is disabled, (2) is a qualified individual, and (3) that he was subjected to unlawful discrimination because of his disability.  Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255-56 (11th Cir. 2007).  For purposes of summary

5

judgment, the district court assumed that Plaintiff was both disabled and was a qualified individual.  Thus, only the third factor is at issue in this appeal.

On appeal, Plaintiff raises these challenges to the district court's ruling on his ADA discrimination claim:[2] (1) whether the district court erred in considering Mason's testimony; (2) whether answering phone calls constituted an "essential function" of Plaintiff's job; and (3) whether Synovus failed to provide a reasonable accommodation to Plaintiff.

## A. Mason's Testimony

Plaintiff contends that Mason testified untruthfully and, thus, the district court was required to discredit the entirety of Mason's testimony.[3]  During

---

[2] To the extent Plaintiff attempts to assert that the district court should have applied the "convincing mosaic" standard for evaluating Plaintiff's discrimination claim, Plaintiff makes only passing references to the "convincing mosaic" standard without argument or citation to authority and, thus, has abandoned that argument.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Plaintiff also failed to raise a distinct challenge to the district court's determination that Synovus's termination of Plaintiff's employment constituted no disability discrimination.  That issue is not before us in this appeal.  See id.

[3] In support of this argument, Plaintiff cites to N.L.R.B. v. Pittsburgh S.S. Co., 337 U.S. 656 (1949), and to Liberty Mut. Ins. Co. v. Thompson, 171 F.2d 723 (5th Cir. 1948).  These cases -- which stand for the proposition that a factfinder may reject a witness's entire testimony if the

Mason's deposition, Mason testified that he did not "recall" whether Plaintiff had told him about Plaintiff's disorders and denied having said -- during an earlier Georgia Department of Labor ("DOL") unemployment hearing -- that Plaintiff had requested accommodations. Mason later revised his testimony after listening to a recording of the pertinent DOL hearing, which Mason said "refreshed [his] recollection."

First, we decline to adopt Plaintiff's contention that the district court should have deemed Mason an unreliable witness and discounted his entire testimony. In deciding a motion for summary judgment, the district court is precluded from making credibility determinations. See Anderson, 477 U.S. at 255. The district court must instead view the record and draw all reasonable inferences in favor of the non-moving party. Hornsby-Culpepper, 906 F.3d at 1311. "Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility" that must be resolved by the trier of fact. Tippens v. Celotex Corp., 805 F.2d 949, 954 (11th Cir. 1986) (reversing the grant of summary judgment where the district court assessed improperly the credibility and weight of the evidence).

---

factfinder determines that a witness is not credible -- say nothing about a district court's standard of review when ruling on a motion for summary judgment.

7

Here, the district court committed no error in considering Mason's testimony -- together with the entire record -- in ruling on Synovus's motion for summary judgment. Moreover, to the extent Mason provided inconsistent testimony, that testimony pertained only to issues that were not in dispute: whether Plaintiff notified Mason of his anger issues and asked for accommodations. Mason's testimony gave rise to no genuine dispute of material fact. Nor did the district court engage in impermissible credibility findings with respect to Mason's testimony.

## B. Essential Function

Plaintiff contends that the district court erred in determining that answering customer service calls was an essential function of Plaintiff's position on the ATM team.

The "essential functions" of a position "are the fundamental job duties of a position that an individual with a disability is actually required to perform." Holly, 492 F.3d at 1257. Whether a function is "essential" is determined on a case-by-case basis. Id. at 1258. A function may be considered "essential" if the position exists to perform that function, a limited number of employees can perform the

8

function, or if the function is highly specialized and requires expertise. 29 C.F.R. § 1630.2(n)(2). In determining whether a function is essential, the district court must consider the employer's judgment about the essential functions of a position, including the testimony of an employee's supervisor. Holly, 492 F.3d at 1257. "[A]lthough the employer's view is entitled to substantial weight in the calculus, this factor alone may not be conclusive." Id. at 1258 (quotations omitted). Other pertinent factors to consider include (1) the amount of time the employee spends performing the function; (2) the consequences of not requiring the employee to perform the function; (3) the work experience of past employees in the position; and (4) the current work experience of employees in similar jobs. Id. (citing 29 C.F.R. § 1630.2(n)(3)).

The district court committed no error in concluding that answering customer service calls was an essential function of Plaintiff's job on the ATM team. Mason testified that the "core function" of the ATM team -- and Plaintiff's chief responsibility after transferring to the ATM team -- was to answer the phones. And we owe the employer's judgment "substantial weight." See Holly, 492 F.3d at 1258. Moreover, Plaintiff's own testimony established that (1) answering customer service calls was "just about all" he did in his position on the ATM team; (2) he was one of four employees on the ATM team, each of whom was placed in a

9

queue to answer calls; and (3) that Plaintiff was at times the only person available to answer calls. In the light of this evidence, the district court determined correctly that answering customer service calls constituted an essential function of Plaintiff's job.

### C. Reasonable Accommodation

An employer is liable for unlawful discrimination under the ADA when the employer fails to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" -- unless doing so "would impose an undue hardship" on the employer. 42 U.S.C. § 12112(b)(5)(A). An accommodation is "reasonable" "only if it enables the employee to perform the essential functions of the job." Lucas v. W.W. Granger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001). The employee bears "the burden of identifying an accommodation and demonstrating that it is reasonable." Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016).

"[A]n employer may in some circumstances need 'to initiate an informal, interactive process' with a disabled employee to determine the appropriate reasonable accommodation." Id. at 1257 (citing 29 C.F.R. § 1630.2(o)(3)). When

an employee fails to satisfy his burden of identifying an accommodation that would be reasonable, however, no liability attaches to the employer for failing to engage in an "interactive process." Id. at 1257-58; Willis v. Conopco, Inc., 108 F.3d 282, 285 (11th Cir. 1997) ("[W]here a plaintiff cannot demonstrate 'reasonable accommodation,' the employer's lack of investigation into reasonable accommodation is unimportant.").[4]

### i.      Short breaks

Plaintiff has established that his request to take short breaks was a reasonable one. The record evidences that Plaintiff could control his anger in part by taking short breaks, which would thus enable him to perform an essential function of his job. While Plaintiff worked on the NOC team, Young had allowed Plaintiff to take short breaks with positive results. Mason also testified that he generally permits his customer-service employees to take breaks when they get frustrated.

---

[4] We reject Plaintiff's argument that our decision in Willis is inapplicable to this case: Willis is not so narrow to apply only in circumstances where the employee made no specific request for an accommodation.

11

The district court determined that Plaintiff had failed to produce evidence showing that Mason prevented Plaintiff from taking breaks when he was frustrated. Plaintiff testified, however, that when he transferred to Mason's team the accommodations provided previously by Young "all stopped." The chief accommodation Plaintiff received while working for Young was the ability to take short breaks. Viewing the record and drawing all reasonable inferences in Plaintiff's favor, we draw the inference that Plaintiff was not permitted to take short breaks while working for Mason. Because an employer's failure to provide a reasonable accommodation is itself a violation of the ADA, Synovus is unentitled to summary judgment on this claim. Accordingly, we vacate in part the district court's grant of summary judgment on Plaintiff's failure-to-accommodate discrimination claim with respect to Plaintiff's request to take short breaks; and we remand for further proceedings.

## ii.    Remaining Requests for Accommodation

Plaintiff has failed to establish that his remaining proposed accommodations were reasonable. Because answering customer service calls constituted an "essential function" of Plaintiff's position on the ATM team, Plaintiff's request

12

that he be exempted from answering all or some of those calls was not reasonable. "[E]mployers are not required to transform [a] position into another one by eliminating functions that are essential to the nature of the job as it exists."  Lucas, 257 F.3d at 1260.

About Plaintiff's requests to work from home and to work at night, Mason testified -- and nothing in the record disputes -- that Synovus's telephone system would not enable customer service calls to be routed to off-site employees and that no night shift position existed on the ATM team.  Given this evidence, Plaintiff has not shown that these requests were reasonable ones.  See United States EEOC v. St. Joseph's Hosp., Inc., 842 F.3d 1333, 1345 (11th Cir. 2016) ("employers are only required to provide alternative employment opportunities reasonably available under the employer's existing policies"); Lucas, 257 F.3d at 1257 (under the ADA, an employer had no obligation to reassign an employee to a non-vacant position).

## II.    RETALIATION

The ADA prohibits employers from retaliating against an employee for making a charge of discrimination under the ADA.  42 U.S.C. § 12203(a).  To establish a prima facie case of retaliation, a plaintiff must show that "(1) he

13

engaged in a statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was a causal link between the adverse action and his protected expression." Lucas, 257 F.3d at 1260.

Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to produce a "legitimate, non-discriminatory reason[]" for its action. Stewart v. Happy Herman's Cheshire Bridge, 117 F.3d 1278, 1287 (11th Cir. 1997). If the employer does so, the burden shifts back to the plaintiff to show that the employer's proffered reason is a pretext for retaliation. Id.

In support of his claim for retaliation, Plaintiff identifies two purported adverse employment acts: (1) Synovus's denial of Plaintiff's request to be exempt from answering the phones and (2) Synovus's termination of Plaintiff's employment.

Plaintiff's first ground merely duplicates Plaintiff's failure-to-accommodate discrimination claim: a claim that we rejected after concluding that answering customer service calls constituted an "essential function" of Plaintiff's position on the ATM team. Thus, Plaintiff's retaliation claim on this ground also must fail. See Lucas, 257 F.3d at 1261 (affirming summary judgment on plaintiff's ADA retaliation claim when plaintiff's argument -- that his employer "took adverse action against him by failing to reasonably accommodate him" -- "merely

14

reclothe[d] [plaintiff's] ADA discrimination claim" which the Court had already rejected).

About Plaintiff's second ground for retaliation, Plaintiff raises no challenge to the district court's alternative determination that Plaintiff failed to rebut Synovus's legitimate, non-retaliatory reason for terminating Plaintiff's employment.  Accordingly, we affirm on that ground.  See Sappupo, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge on that ground, and it follows that the judgment is due to be affirmed.").

In sum, we vacate the district court's entry of judgment on Plaintiff's failure-to-accommodate discrimination claim with respect to Plaintiff's request to take short breaks and remand for further proceedings on that issue.  We affirm the entry of judgment in favor of Synovus on Plaintiff's remaining claims.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

15