[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 20-14604

————————————————

CHARLES CAMERON COOKE,

Plaintiff-Appellant,

*versus*

CARPENTER TECHNOLOGY CORPORATION,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:19-cv-00115-AKK

————————————————

Before JORDAN and ROSENBAUM, Circuit Judges, and STEELE, * District Judge.

PER CURIAM.

Plaintiff-Appellant Charles Cooke sued his former employer Defendant-Appellee Carpenter Technology Corporation alleging discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.* The district court granted summary judgment in favor of Carpenter Technology on all claims. After careful review and with the benefit of oral argument, we reverse and remand.

## I

"We review *de novo* a grant of summary judgment and review findings of fact for clear error." *Buending v. Town of Redington Beach*, 10 F.4th 1125, 1130 (11th Cir. 2021). Summary judgment is proper if the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As we recently explained:

> A court assessing motions for summary judgment must "resolve all ambiguities and draw reasonable factual inferences from the evidence in the non-mo-

---

*The Honorable John Steele, U.S. District Judge for the Middle District of Florida, sitting by designation.

vant's favor." A court "may not weigh conflicting evidence or make credibility determinations of [its] own. If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial."

*Buending,* 10 F.4th at 1130 (citations omitted). For this reason, the actual facts may or may not be as described in this opinion. *See Powell v. Snook*, 25 F.4th 912, 916 (11th Cir. 2022).

## II.

In July 2015, Cooke began working for Carpenter Technology as a Nondestructive Testing Unit ("NDT") employee. NDT employees worked on a "swing shift" schedule, rotating between day and night shifts. Carpenter Technology claims that swing shifts help maintain employee morale and are necessary to meet the demands of the company.

Cooke was diagnosed with severe depression, anorexia, and anxiety. In May 2017, Cooke informed his supervisor that he was experiencing suicidal thoughts and starving himself. Cooke's supervisor informed human resources and suggested that Cooke contact Carpenter Technology's employee assistance program and apply for FMLA leave. Carpenter Technology also told Cooke to apply for short term disability following his FMLA leave.

In June 2017, Cooke sought treatment and applied for intermittent FMLA leave. Carpenter Technology instead put Cooke on

continuous leave.  At the conclusion of his FMLA leave, Cooke was placed on short term disability leave.

In November 2017, Cooke contacted Carpenter Technology about returning to work, and Carpenter Technology requested a letter from Cooke's physician.  By December 2017, Cooke provided a letter from a treating nurse practitioner who stated that Cooke could return to work but would benefit from a consistent work schedule.  Cooke also provided a letter from his therapist, who recommended that Cooke not return to a swing shift schedule, which could directly affect his progress and future success.

In February 2018, Carpenter Technology offered to put Cooke on a consistent schedule of only day shift or only night shift for a period of 30 days, with no possibility of reevaluation thereafter.  Because Cooke had exhausted all his leave options, he would thereafter have to resume working on a swing shift schedule, quit, or be terminated.

Cooke declined the offer, wanting to follow his medical providers' recommendations.  Cooke tried to continue communications with Carpenter Technology for the next month.  Carpenter Technology refused to consider a permanent consistent schedule and delayed any substantive discussions with Cooke about potential accommodations.  Without such an accommodation and no remaining available leave, Cooke resigned and found a new job.

20-14604                Opinion of the Court                3

III.

The district court granted Carpenter Technology's motion for summary judgment. In relevant part, the district court found that Cooke could not prevail on his ADA discrimination claim because Cooke had caused the breakdown in the required interactive process. As to the FMLA interference and retaliation claims, the district court struck Cooke's affidavit and then found the undisputed facts supported Carpenter Technology's summary judgment request.

A

We start with Cooke's ADA discrimination claim based on Carpenter Technology's alleged failure to accommodate his disability.[1]

The ADA prohibits employers from discriminating against qualified individuals because of a disability. 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, Cooke must show that he: (1) has a disability; (2) is a qualified individual; and (3) was unlawfully subjected to discrimination because of his disability. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted). "[T]o trigger an employer's duty to provide a reasonable accommodation, the employee must (1) make a specific demand for an accommodation and (2) demonstrate that such accommodation is reasonable."

---

[1] Cooke also brought an ADA retaliation claim, but the district court found that Cooke abandoned that claim. Cooke does not appeal that finding or make any arguments related to ADA retaliation, so we do not disturb that conclusion.

*Owens v. Governor's Off. of Student Achievement*, No. 21-13200, ___ F.4th ___, 2022 WL 16826093, at *4 (11th Cir. Nov. 9, 2022) (citation omitted) (applying ADA principles in Rehabilitation Act case). The employee bears the "modest" burden of identifying his disability and suggesting how the accommodation will overcome his physical or mental limitations. *Id.* at *6. After the employee provides this information, the employer must "'initiate an informal, interactive process' with the employee to discuss the employee's specific limitations, explore potential accommodations, and select the most appropriate accommodation for both the employer and the employee." *Id.* at *4 (citation omitted).

The district court erred when it found that Cooke could not prevail on his ADA claim because Cooke caused the breakdown in the interactive process. It is certainly correct that "an employer will not be liable for failure to accommodate if the employee is responsible for the breakdown of the interactive process." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020) (citation omitted); *see also Stewart*, 117 F.3d at 1287 ("Liability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's actions cause a breakdown in the interactive process.").

But viewing the evidence in light most favorable to Cooke, Carpenter Technology refused to consider any accommodation beyond the 30-day period. Cooke alleges he made repeated attempts to continue conversations about a reasonable accommodation, but Carpenter Technology delayed and failed to engage in any mean-

ingful manner.  Nor did Carpenter Technology show that an accommodation beyond the 30-day period would have been unreasonable or unduly burdensome.  A reasonable jury could conclude that Carpenter Technology – not Cooke – disrupted the interactive process.  Summary judgment on Cooke's ADA claim was therefore improper.

**B**

We next turn to Cooke's FMLA interference and retaliation claims.  The district court granted summary judgment on both claims for the same reason, so we will consider them together.

When opposing summary judgment, Cooke submitted an affidavit which averred that Carpenter Technology required Cooke to take continuous FMLA leave when he only requested intermittent leave.  The district court declined to consider the affidavit, finding it inconsistent with Cooke's deposition testimony.  Without the affidavit, the district concluded that Cooke had failed to negate Carpenter Technology's undisputed facts and granted summary judgment.

The district court erred by not considering Cooke's affidavit.  "It is of course true that 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact for summary judgment, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1300 (11th Cir. 2015) (quoting *Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc.*,

736 F.2d 656, 657 (11th Cir.1984)).  To strike an affidavit as a sham, the new testimony need be in "irreconcilable conflict" with the prior testimony. *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986).

Cooke's deposition testimony and affidavit were not in irreconcilable conflict.  During the deposition, Cooke briefly testified that he applied for FMLA leave.  Cooke was not asked whether he applied for continuous or intermittent leave.  In his affidavit, Cooke clarified that he applied for intermittent leave and Carpenter Technology changed the request to continuous leave.  Cooke's affidavit creates a genuine issue of material fact with respect to the material issue of whether Carpenter Technology's unilateral decision to put Cooke on continuous leave, instead of Cooke's requested intermittent leave, constituted FMLA interference or retaliation.  The district court erred in not considering the affidavit.

## IV

We reverse the district court's grant of summary judgment in favor of Carpenter Technology and remand for proceedings consistent with our opinion.

**REVERSED AND REMANDED.**