[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11327

Non-Argument Calendar

_____

GLENN MICHAEL O'NEAL, JR.,

Plaintiff-Counter Defendant-Appellant,

*versus*

CITY OF HIRAM,

Defendant-Counter Claimant-Appellee,

JODY PALMER,
in his individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:19-cv-00177-TWT

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Glenn O'Neal, a former police officer in the City of Hiram, Georgia, appeals the magistrate judge's evidentiary rulings and the district court's grant of summary judgment on his various employment claims against the City and Jody Palmer, the City Manager. O'Neal raises several issues on appeal.

First, he argues that the magistrate judge improperly denied his motion for leave to file a sur-reply in opposition to the Defendants' motion for summary judgment. Second, he contends that the magistrate judge improperly sustained the Defendants' objections that parts of his declaration are shams. Third, he asserts that the district court erred by granting summary judgment to the Defendants on his retaliation claims brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. Fourth, he argues that the district court erred by granting the Defendants' motion for summary judgment on his interference claim under the Family Medical Leave Act, 29 U.S.C.

§ 2601 *et seq.* Finally, he contends that the district court erred by granting summary judgment on his 42 U.S.C. § 1983 First Amendment retaliation claim. After careful review, we affirm in part and vacate and remand in part.

## I

Where a party fails to timely challenge a magistrate judge's non-dispositive order before the district court, the party waives his right to appeal that order. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). Our Rule 3-1 provides that a party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. 11th Cir. R. 3-1.

Federal Rule of Civil Procedure 72 provides that, for pretrial matters that are not dispositive of a party's claim and are referred to a magistrate judge, the magistrate judge must conduct the required proceedings and, when appropriate, issue a written order explaining the decision. Fed. R. Civ. P. 72(a). A party may serve and file objections to that order within 14 days after being served with a copy of it, and a party may not assign as error a defect in the order not timely objected to. *Id.*

Here, O'Neal waived the position that the magistrate judge improperly denied his motion to file a sur-reply by failing to timely object to the order denying the motion. His motion was denied on

January 19, 2021, and he objected to the denial on March 15, 2021, which was more than 14 days later.  Accordingly, we affirm as to this issue.

## II

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must show that every stated ground for the judgment against him is incorrect. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  When an appellant fails to show that one ground is incorrect, it follows that the judgment is due to be affirmed.  *Id.* (discussing abandonment of an alternative, independent ground).

When a district court grants a motion to strike supplemental materials submitted in response to a motion for summary judgment, we review the district court's decision *de novo.  Tippens v. Celotex Corp.*, 805 F.2d 949, 951–55 (11th Cir. 1986).  An affidavit may be disregarded as a sham when a party has given clear answers to unambiguous questions that negate the existence of any genuine issue of material fact and then attempts thereafter to create such an issue with an affidavit that merely contradicts, without explanation, previously given testimony.  *Id.* at 954.

Northern District of Georgia Civil Rule 7.1 requires a party opposing a motion to serve a response within a certain number of days, and states that the failure to file a response shall indicate that there is no opposition to the motion.  N.D. Ga. Civ. R. 7.1(B).

Here, we affirm the magistrate judge's determination that some of O'Neal's declarations were shams. The magistrate judge sustained the Defendants' objections to his declarations on two independent, alternative bases: (1) on the merits and (2) because O'Neal failed to respond to the Defendants' notice of objection under Northern District of Georgia Civil Rule 7.1(B). O'Neal's objections to the R&R only challenged the magistrate judge's merits determination and did not challenge this alternative finding under Rule 7.1, so O'Neal waived that argument on appeal. O'Neal, therefore, cannot establish that one of the magistrate judge's alternative grounds for striking portions of his declaration was erroneous. Accordingly, we also affirm as to this issue.

## III

Issues not briefed are deemed abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

We review a district court's grant of summary judgment *de novo*, applying the same standards applied by the district court. *Baas v. Fewless*, 886 F.3d 1088, 1091 (11th Cir. 2018). Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Id.* We view all submitted evidence in the light most favorable to the non-moving party. *Id.*

The ADA provides that no person shall discriminate against any individual because he has opposed any act or practice made unlawful by the ADA.  42 U.S.C. § 12203(a).  The Rehabilitation Act incorporates the anti-retaliation provision of the ADA.  *See* 29 U.S.C. § 794(d); 42 U.S.C. § 12203(a).  The ADEA prohibits retaliation against employees who opposed any practice made unlawful by the ADEA, 29 U.S.C. § 623(d), and the requirements for proving a case of retaliation under the ADEA and ADA are the same, *compare Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997), *with Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919–21 (11th Cir. 1993).

Here, although O'Neal raised many retaliation claims below, he objected only to the R&R's grant of summary judgment to the Defendants on his termination-based retaliation claims, so any other retaliation claims premised on different adverse actions are waived.  And on his termination-based retaliation claims, he objected below and argues now only that the magistrate judge erred by determining that those claims were administratively barred—despite the magistrate judge's alternative finding that his termination-based claims failed on their merits.  Because the magistrate judge's determination of his termination-based retaliation claims relied on alternative, independent grounds, and O'Neal waived and forfeited his challenge to one of those grounds, the judgment is due to be affirmed.  *See Sapuppo*, 739 F.3d at 680.

## IV

The FMLA confers the right to take 12 weeks of job leave because of a serious health condition that makes the employee unable to perform the functions of his job. 29 U.S.C. § 2612(a)(1)(D). If an employer interferes with an employee's FMLA rights, the employee may sue for equitable relief or money damages. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). This FMLA claim is called an "interference claim," and the plaintiff must show (1) that he was entitled to a benefit under the FMLA and (2) that his employer denied him that benefit. *Id.* A plaintiff need not allege that his employer intended to deny the benefit. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). And the plaintiff need not show that he suffered only a loss of income, as the FMLA provides for equitable remedies. *Evans v. Books-A-Million*, 762 F.3d 1288, 1296 (11th Cir. 2014). But he must show that he was prejudiced by the violation in some way. *Id.* at 1295.

Here, O'Neal did not show that his *employer* denied him an FMLA benefit because he voluntarily participated in the third-party investigation of his grievances against his former police chief. O'Neal admitted that no one from the City or Palmer told him to participate in the investigation. O'Neal does not argue, and the record does not show, that his minimal participation in the investigation prejudiced him in any way. Accordingly, we also affirm as to this issue.

V

State actors can be liable for depriving persons of any rights secured by the Constitution.  42 U.S.C. § 1983.  Specifically, a state employer may not retaliate against a public employee for speech protected by the First Amendment.  *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1291 (11th Cir. 2000).

A First Amendment retaliation claim is governed by a four-part analysis.  *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617 (11th Cir. 2015).  A court must: (1) determine whether the plaintiff's speech was made as a citizen and whether it implicated a matter of public concern; (2) weigh the plaintiff's First Amendment interests against the City's interest in regulating speech to promote efficient public services; (3) determine whether the speech was a substantial motivating factor in termination; and (4) determine whether the plaintiff's employer could show that it would have terminated the plaintiff even absent his speech.  *Id.* at 617–18.  These first two inquiries address whether the speech is constitutionally protected and are questions of law; the second two are questions of fact for the jury to resolve unless the evidence is undisputed.  *Id.* at 618.

Significantly here, the district court addressed only the first prong, which we have analyzed as two separate components.  *See, e.g.*, *Alves v. Bd. of Regents of the Univ. Sys. of Ga.*, 804 F.3d 1149, 1159–68 (11th Cir. 2015).  In clarifying our First Amendment analysis, *Alves* stated that "the first part of this circuit's [] analysis now asks whether the employee spoke as a citizen *and* whether the

speech involved a matter of public concern." *Id.* at 1159 n.4 (emphasis in original). *Alves* noted that these components are closely intertwined and analyzed both even when one failed, so as to "better serve the parties." *See id.* at 1160–68 & n.5.

Whether a plaintiff's speech is a matter a public concern depends on whether it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest. *Lane v. Franks*, 573 U.S. 228, 241 (2014). This determination requires analyzing the speech's content, form, and context as revealed by the whole record. *Id.* Courts must analyze the context of the speech and ask whether the employee spoke on a matter of public concern or on matters of only personal interest. *Alves*, 804 F.3d at 1162. An employee's speech will rarely be entirely private or entirely public, so courts must determine whether the main thrust of the speech in question was essentially public or private. *Id.* For example, the Supreme Court has held that speech regarding corruption and the misuse of state funds involved matters of public concern. *Lane*, 573 U.S. at 241. The Supreme Court has also concluded that allegedly discriminatory policies involved a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 146 (1983). We have said that an employee whose speech directly affects the public's perception of the quality of education in a given academic system could be protected, and thus, a matter of public concern. *See Maples v. Martin*, 858 F.2d 1546, 1553 (11th Cir. 1988) (collecting cases).

Further, a court may consider the employee's attempt to make his concerns public along with his motivation for speaking, but failure to air concerns to the public is not dispositive. *Alves*, 804 F.3d at 1162; *see, e.g.*, *Akins v. Fulton Cnty., Ga.*, 420 F.3d 1293, 1304 (11th Cir. 2005) (noting that plaintiff's request for a special meeting with a public official—one of the members of the governing body of the county—indicated that his speech was public in nature), *and Cooper v. Smith*, 89 F.3d 761, 765 (11th Cir. 1996) (affirming, in qualified immunity context, district court's finding that a plaintiff's reports of corruption to law enforcement involved matters of public concern).

Here, the district court analyzed only whether O'Neal's speech addressed a matter of public concern, and it erred by stopping there. Although O'Neal did complain about private matters like scheduling, he also complained about workers' compensation fraud, discrimination, retaliation, the former police chief's interference with the third-party investigation, and alleged retaliation and discrimination against Ricky Walraven, a City employee. These subjects are matters of public concern, and that O'Neal made these complaints public by voicing them to the Mayor and City Council, among others, further indicates that his speech was on matters of public concern. *See Alves*, 804 F.3d at 1162, 1166 (*citing Maples*, 858 F.2d at 1553); *see also Akins*, 420 F.3d at 1304. His complaint regarding Walraven indicates that he was not furthering purely personal interests. *See Alves*, 804 F.3d at 1162. Based on this, the district court did not view the evidence in the light most favorable

21-11327                Opinion of the Court                11

to O'Neal when determining that he did not speak on matters of public concern. *See Fewless*, 886 F.3d at 1091. Accordingly, we vacate and remand as to this issue.[1]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[1] We express no opinion on any other parts of the First Amendment retaliation test and leave it to the district court to determine whether there is a genuine issue of material fact as to those other parts.